## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVINDRA MURARKA, D.V.M, <br> Plaintiff | : CIVIL ACTION <br> : <br> : No: |
| v. | : <br> : <br> : |
| THE PENNSYLVANIA SPCA, <br> Defendant | : <br> : |

## COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION AND JURISDICTION:

Plaintiff, Ravindra Murarka, D.V.M ("Plaintiff"), claims of Defendant, The Pennsylvania SPCA ("Defendant"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.   This action for monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.   The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981"). The Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq. The said claims are brought by Plaintiff to redress

arbitrary, improper, unlawful, willful, deliberate and intentional discrimination by the Defendant based on his age (54) and National Origin (Indian). The Plaintiff also asserts a claim against the Defendant under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §260.1, et seq., for unpaid wages as alleged herein.

3.    All conditions precedent to the institution of this suit have been fulfilled. More than sixty (60) days have elapsed since the Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The Plaintiff has satisfied all other jurisdictional prerequisites prior to the commencement of this action. A Right to Sue letter was issued by the U.S. Equal Employment Opportunity Commission on February 13, 2013, and this action has been commenced within ninety (90) days of its issuance. More than one (1) year has expired since the Plaintiff filed his Charge of Discrimination with the Commonwealth of Pennsylvania Human Relations Commission.

4.    At all times relevant hereto, the Defendant was acting through it's agents, servants and employees, who were authorized and acting with the scope of their authority, course of employment and under the direct control of the Defendant.

5.    At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA, Title VII, §1981, the PHRA  and the PWPCL, and has been, and is subject to the provisions of each said Act.

-2-

## III. PARTIES

6. Plaintiff, Ravindra Murarka, D.V.M, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2110 Deep Meadow Lane, Lansdale, Pennsylvania.

7. Defendant, The Pennsylvania SPCA, was and is now a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 350 East Erie Avenue, Philadelphia, Pennsylvania.

8. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of their employment and under the direct control of the Defendant.

## IV. STATEMENT OF CLAIMS

9. The Plaintiff was employed by the Defendant as a Doctor of Veterinarian Medicine from in or about 1992, until on or about October 26, 2011, when he was terminated from his position of employment as a result of the unlawful employment practices complained of herein.

10. Throughout his lengthily tenure, the Plaintiff was the recipient of various awards and accolades within the medical community while formally working in the capacity of Medical Director and as a Surgeon, the position held at the time of his termination.

11. Throughout his tenure with the Defendant, the Plaintiff performed his job function in a dutiful and competent manner.

- 3 -

12.    On or about October 26, 2011, without warning or notice, the Plaintiff was terminated from his position of employment for alleged "inferior work performance" and "inattention to duty" in connection with a surgical procedure performed on a canine named "Lexie".

13.    Subsequent to his termination, the Plaintiff registered a formal appeal with Wanda Reese in the Defendant's Human Resources Department challenging the abrupt decision to discharge him from his position.

14.    On or about November 22, 2011, the Plaintiff met with the Defendant's Appeal Panel in order to defend the accusations leveled against him and to express his belief that his termination was discriminatory and motivated by reasons of his age and national origin.

15.    The Plaintiff explained to the panel that during surgery on the said animal, he discovered surgical gauze which had been left behind after a procedure previously performed by Dr. Adam Corbett ("Corbett") (30's; Caucasian), another staff surgeon of the Defendant. The gauze had caused the tumor to grow at an expedited rate and while performing the biopsy on Lexie, forced the Plaintiff to perform an emergency extraction of the tumor in order to save Lexi's life.

16.    The Plaintiff provided the Defendant with the Pathology Report indicating that Levie's tumor, which he had removed, was caused by a "Foreign Body Abscess", the result of the gauze left over from the prior surgical procedure performed by Corbett.

17.    The Defendant failed to investigate the manner in which Lexie was treated by Corbett as well as take into consideration the Plaintiff's explanation of what had occurred.

- 4 -

18. Instead, the Defendant shifted blame away from Corbett and further suggested that the Plaintiff did not have patient (the owner's) consent to perform the necessary surgical procedure in the first place.

19. This assertion was likewise pretextual in that the Defendant's policy clearly indicates that the Plaintiff was authorized to perform surgery in an emergent and medically necessary circumstance, such as what occurred during Lexie's procedure.

20. The Plaintiff's termination was ultimately upheld by the Defendant's Appeal Panel.

21. The Plaintiff believes and therefore avers that he was subjected to differential and disparate standards of treatment due to his race and age in that Corbett, a younger similarly situated Caucasian, received preferential treatment and was not discharged or reprimanded for his conduct which caused the Plaintiff to perform the emergency extraction.

22. Moreover, prior to his dismissal, the Defendant embarked in a course of action which was selectively and discriminatorily directed against the Plaintiff. He was the subject of write-ups regarding his performance and conduct which had no basis in fact and were issued for the sole purpose of justifying his otherwise discriminatory dismissal.

23. The Plaintiff believes and therefore avers that he was subjected to differential and disparate standards of treatment on the basis of his age and national origin (Indian) which resulted in the Defendant's failure to conduct a proper investigation into his allegation of discrimination and also resulted in the Plaintiff's pretextual termination, as aforesaid.

- 5 -

## COUNT I
## (ADEA)

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of this
Complaint as fully set forth at length herein.

25.     The actions of Defendant through its agents, servants and employees in
terminating Plaintiff because of his age, 54, constituted a violation of the ADEA.

26.     The unlawful discriminatory employment practices engaged in by the
Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2)
of the Age Discrimination in Employment Act.

27.     As a direct result of the aforesaid unlawful discriminatory employment
practices engaged in by the Defendant in violation of 28 U.S.C. §626(a) and (1) and
626(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent
and irreparable harm resulting in the loss of employment, which caused him to sustain a
loss of earnings, plus the value of certain benefits, plus loss of future earning power,
plus back pay, and front pay and interest due thereon.

## COUNT II
## (TITLE VII – National Origin Discrimination)

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this
Complaint fully set forth at length herein.

29.     The actions of the Defendant through its agents, servants and employees,
in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his
employment by terminating Plaintiff's employment because of his National Origin
(Indian), constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42

- 6 -

U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

30. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

## COUNT III
## (§1981)

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint fully set forth at length herein.

33. The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment by terminating Plaintiff's employment because of his National Origin (Indian), constituted a violation of §1981.

34. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

35. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, the Plaintiff sustained

- 7 -

permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

## COUNT IV
## (PHRA)

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as fully set forth at length herein.

37.     The actions of Defendant through its agents, servants and employees in terminating the Plaintiff because of his age and national origin, constituted a violation of the PHRA.

38.     The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of the PHRA.

39.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

- 8 -

## COUNT V
## (PWPCL)

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as fully set forth at length herein.

41. At the time of his termination, the Plaintiff accrued 552.79 hours of sick/vacation time, which hours constitute "wages" under the PWPCL.

42. The Defendant did not pay the Plaintiff for this time pursuant to their policy.

43. As a direct result of the aforesaid unlawful practices denying the Plaintiff these wages, the Defendant in violation of the PWPCL.

## PRAYER FOR RELIEF

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendant, and order that:

(a) Defendant offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

(b) Defendant compensate Plaintiff with an award of front pay, if appropriate;

(c) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d)     Defendant pay Plaintiff liquidated damages, compensatory

damages for future pecuniary losses, penalties under the PWPCL, pain, suffering,

inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e)     Defendant pay Plaintiff, pre and post judgment interest, costs of suit

and attorney and expert witness fees as allowed by law;

(f)     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:_____

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff,
Ravindra Murarka, D.V.M